UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GARTH ALLEN EDBORG,<br><br>    Petitioner,<br><br>    v.<br><br>SKAGIT COUNTY SUPERIOR COURT,<br><br>    Respondent. | Case No. 19-986-TSZ<br><br>REPORT AND RECOMMENDATION |

Petitioner, who is a pretrial detainee at the Skagit County Community Justice Center, brings this 28 U.S.C. § 2241 habeas action to obtain a court-ordered investigation into the Skagit County Superior Court's felony calendar. (Dkt. # 3 at 8.) He claims that the Superior Court regularly violates the speedy trial rights of criminal defendants and that he has personally observed at least ten cases in which the defendants' rights were violated. (*Id.* at 2, 6.) He does not claim that his own rights have been violated. (*See generally* Dkt. # 3.)

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts ("Habeas Rules") requires the Court to make a preliminary review of each petition for writ of habeas corpus.[1] The Court must summarily dismiss a petition "[i]f it plainly appears from the

---

[1] The Habeas Rules applies to § 2241 petitions. *See* Habeas Rule 1(b); *Bostic v. Carlson*, 884 F.2d 1267, 1269-70 (9th Cir. 1989) (affirming district court's dismissal of a § 2241 petition under Habeas Rules 1(b) and 4).

REPORT AND RECOMMENDATION - 1

petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Habeas Rule 4; *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990). There are at least two independent reasons why this action must be summarily dismissed. First, Petitioner improperly seeks to bring claims on behalf of others. A *pro se* litigant may only assert his own legal rights and interests, not those of others. *See Coalition of Clergy, Lawyers, and Professors v. Bush*, 310 F.3d 1153, 1163 (9th Cir. 2002). Second, Petitioner does not allege that *his* speedy trial rights have been violated or that he has been harmed in any way. Furthermore, even if he alleged a speedy trial claim as an affirmative defense to state prosecution, federal courts are prohibited from considering such claims absent "extraordinary circumstances" that are not present here. *See Brown v. Ahern*, 676 F.3d 899, 900 (9th Cir. 2012) (holding that federal courts may not enjoin state criminal prosecution on basis of alleged speedy-trial violation absent an independent showing of bad faith or other extraordinary circumstances); *see also Gates v. Strain*, 885 F.3d 874, 882 (9th Cir. 2018) ("the alleged denial of a speedy trial is not itself a legitimate basis on which to enjoin a state criminal proceeding").

Because it is absolutely clear that Petitioner would be unable to cure these deficiencies if given an opportunity to amend, the Court recommends that this action be DISMISSED with prejudice and without leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (leave to amend is not required if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment") (internal citations omitted). In addition, as Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability should be DENIED as to all claims raised in this action. *See* 28 U.S.C. § 2253(c)(2). A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **twenty-one (21)** days after the filing of this Report and Recommendation. Objections, and any response, shall not exceed nine pages. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar **fourteen (14)** days after they are served and filed. Responses to objections, if any, shall be filed no later than **fourteen (14)** days after service and filing of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on the date that objections were due.

Dated this 5th day of August, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3